CHARLES R. KOZAK, ESQ.
chuck@kozaklawfirm.com
KOZAK & ASSOCIATES, LLC.
3100 Mill Street, Suite 115
Reno, Nevada 89502
Tel (775) 322-1239;
Fax (775) 800-1767
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MAX T. CARTER, JR. and SUNDAE L. CARTER, Husband and Wife, as Joint Tenants,<br><br>Plaintiffs,<br><br>vs.<br><br>SABLES, LLC., A NEVADA LIMITED LIABILITY COMPANY; H&R BLOCK MORTGAGE CORPORATION; COUNTRYWIDE HOME LOANS, INC., CWALT, INC., THE BANK OF NEW YORK MELLON AS TRUSTEE FOR SECURITIZED TRUST ALTERNATIVE LOAN TRUST 2006-21CB TRUST, COUNTRYWIDE HOME LOANS SERVICING, LP, AND DOES 1 THROUGH 100 INCLUSIVE, *et al.*<br><br>Defendants. | Case No.:<br><br>**PLAINTIFFS' COMPLAINT FOR: LACK OF STANDING TO FORECLOSE, UNCONSCIONABLE CONTRACT, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, QUIET TITLE, SLANDER OF TITLE, TEMPORARY RESTRAINING ORDER/INJUNCTIVE RELIEF, CIVIL CONSPIRACY, RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT, ACKETEERING ACTIVITY (NEVADA RICO)** |

COMES NOW the Plaintiffs, Max T. Carter, Jr., and Sundae L. Carter, Husband and Wife, as Joint Tenants, ("Plaintiffs"), complaining of the Defendants as named above, and each of them, as follows:

///

1

## JURISDICTION

1. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Citizens of different states. [28 U.S. Code § 1332].

2. Title 18 U.S.C. Section 1965(b) confers jurisdiction upon the district courts under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

3. Title 18 U.S.C. Section 3732 confers jurisdiction upon the district courts under the False Claims Act. [31 U.S.C. §§ 3729-3733].

4. Title 28 U.S. Code Section 1331 confers jurisdiction upon the district courts to enforce all laws relating to or arising under the Federal Securities laws. [Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. ___ (2016)].

5. This Court also has supplemental jurisdiction under 28 U.S.C. §1367(a) over all other claims that are so related to claims in the action.

6. This Court also has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1331. In connection with the acts and omissions alleged in this complaint, DEFENDANTS, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, and interstate telephone communications.

## THE PARTIES

7. Plaintiffs are now, and at all times relevant to this action, residents of the County of Carson City, State of Nevada.

8. At all times relevant to this action, Plaintiffs owned and has superior claim to the Real Property (the "Home") located at 2202 Idaho Street, Carson City, NV 89701.

9. Defendant SABLES, LLC, a NEVADA LIMITED LIABILITY COMPANY (hereinafter "Sables") is the successor-in-interest to NEW PENN FINANCIAL, LLC, D/B/A SHELLPOINT MORTGAGE SERVICING as successor servicer to RESURGENT CAPITAL SERVICES, L.P. as SERVICER FOR THE NEW YORK MELLON FKA

THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-21CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006021CB.  At all material times to this action SABLES, LLC was and is a Nevada Limited Liability Company and is licenses to do business in the State of Nevada.  Sables maintains a principal place of business at 3753 Howard Hughes Parkway, Suite 200, Las Vegas, Nevada 89169.

10. Defendant H&R Block Mortgage Corporation is a National Banking Association doing business in the County of Carson City, State of Nevada.  Plaintiffs are informed and believe and thereon allege that H&R Block Mortgage Corporation is the Original Lender.

11. Defendant The Bank of New York Mellon is a corporation doing business in the County of Carson City, State of Nevada.  Plaintiffs are informed and believe and thereon allege that The Bank of New York Mellon is the Trustee of the Alternative Loan Trust 2006-21CB Trust.

12. Defendant Countrywide Home Loans Servicing, LP is a corporation doing business in the County of Carson City, State of Nevada.  Plaintiffs are informed and believe and thereon allege that Countrywide Home Loans Servicing, LP is the Servicer of Plaintiffs loan.

13. Defendant Countrywide Home Loans, Inc. is a corporation doing business in the County of Carson City, State of Nevada.  Plaintiffs are informed and believe and thereon allege that Countrywide Home Loans, Inc. is the Sponsor of the Alternative Loan Trust 2006-21CB Trust.

14. Defendant CWALT, Inc. is a corporation doing business in the County of Carson City, State of Nevada.  Plaintiffs are informed and believe and thereon allege that CWALT, Inc. is the Depositor.

15. Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the Property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiffs are informed and believe, and therefore allege that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

16. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## **GENERAL ALLEGATIONS**

17. is an action brought by Plaintiffs for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

18. Plaintiffs, homeowners, dispute Defendants' superior colorable claim to legal title and equitable title of the Prime Market Real Property in question (hereafter, the "Real Property"), which is the subject of this instant action.  Plaintiffs are the owners of the property by Grant Deed and Deed of Trust (Exhibit 1, Exhibit 2).

19. From 1998 until the financial crash of 2008-2009, over 60 million purported consumer credit mortgage loan transactions were purportedly sold by Non-Depository Payor

4

Banks to Special Purpose Vehicles (hereinafter "SPV"). The Plaintiffs' purported home loan was one of the 60 million scheduled to for exchange.   (Exhibit 7) PSA for ALT 2006-21CB.

20. Plaintiffs are informed and believe, and thereon allege that Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders which were expected to be relatively safe; which, were offered by Wall Street Firms to the secondary market through purported mortgage backed securities. (Exhibit 3) OCC Asset Securitization Manual 1997, Pg. 23



21. Plaintiffs are informed and believe, and thereon alleges that, certain tax laws known as the Real Estate Mortgage Investment Conduit (hereafter, REMIC) Tax Reform Act of 1986 were to be observed, and whereby the Non-Depository Payor Banks and Issuing

Entities REMIC would be protected from either entity going into bankruptcy. To achieve the desired "bankruptcy remoteness," purported numerous "True Sales" of Plaintiffs' Tangible Note would have had to of occurred by operation of All applicable law.

22. Plaintiffs are further informed and believe, and thereon allege that there was no "True Sale" of Plaintiffs' Tangible Note, a circumstance whereby H&R Block Mortgage Corporation sold Plaintiffs' Tangible Note to the "buyer/seller" Countrywide Home Loans, Inc. in an ordinary course of business by offer, acceptance, delivery and consideration given for full value of the entire instrument. (Exhibit 4) Real Estate and the Tax Reform Act of 1986.

23. The Original Lender, H&R Block Mortgage Corporation, purports to have negotiated in accordance to all applicable laws the Tangible Note obligation in an ordinary course of business to successor Defendants. Plaintiffs are informed and believe, and thereon allege that H&R Block Mortgage Corporation has unlawfully purported to assign, transfer, or convey its interest in Plaintiffs' Note on or before the Closing Date of ALT 2006-21CB Trust. Plaintiffs are informed and believe, and thereon allege that H&R Block Mortgage Corporation never negotiated the Tangible Note by operation of law for full value in accordance with all applicable law to Countrywide Home Loans, Inc.

24. Defendants deployed MERS as an electronic agent under the Constructive Deed of Trust as nominee/beneficiary for each successor Defendant as bailor/bailee to streamline a purportedly hypothecated security interest "Secret Liens" over the Payment Intangible after acquired collateral unlawfully construed as "Proceeds" of Plaintiffs' Real Property. Plaintiffs are informed and believe, and thereon allege that MERS only tracks and updates ownership of the Payment Intangible registered with the MERS database software system;

6

MERS cannot transfer the beneficial right to the Tangible Accommodated Note instrument; a legitimate "True Sale" of a Tangible Note instrument can only be transferred in an ordinary course of business by proper negotiation for full value, transfer and delivery by operation of all applicable law. (Exhibit 5) MERS Procedural Manual (Exhibit 6) MERS Patent.

25. Plaintiffs are further informed and believe, and thereon allege that payment for full value of the entire instrument was executed in an ordinary course of business from Countrywide Home Loans, Inc. to H&R Block Mortgage Corporation.  There are no documents or records Defendants can be produced that demonstrate that prior to the May 30, 2006 closing date for the ALT 2006-21CB Trust, the Tangible Note was duly indorsed, transferred and delivered to ALT 2006-21CB Trust in an ordinary course of business by operation of all applicable law, including all intervening transfers including any purported transfers in the personal property Payment Intangible. Nor can any documents or records be produced that demonstrate that prior to May 30, 2006, the Deed of Trust was duly assigned, transferred and delivered to ALT 2006-21CB Trust, via the Custodian of Records, The Bank of New York Mellon, including all Secret Liens purportedly securing the Payment Intangible intervening transfers/assignments.

26. Plaintiffs further allege that any documents i.e., MERS Assignment of Deed of Trust that purport to transfer a hypothecated beneficial security interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of Exchange to ALT 2006-21CB Trust after the Closing Date May 30, 2006 are void as a matter of law; no security interest in the Real Property was perfected in the name of any of the successor Defendants. The alleged holder of the Tangible Note is not the beneficiary of the Deed of Trust. The alleged

7

beneficiary of Plaintiffs' Deed of Trust, MERS, does not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and/or is not the real party in interest as agent or nominee to any action taken or to be taken against the Real Property by successor Defendants. (Exhibit 7) PSA Section 2.01 Conveyance of Mortgage Loans. Plaintiffs are also informed and believe, and thereon allege that at all times herein mentioned, any assignment of a Deed of Trust without proper transfer in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law. Plaintiffs are informed and believe, and thereon allege that the ALT 2006-21CB Trust had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of herein below. A detailed description of the purported mortgage loans which form the ALT 2006-21CB Trust is included in Form 424B5 ("the Prospectus"), which has been duly filed with the SEC. (See Exhibit 8).

27. Plaintiffs allege that Defendants, and each of them, cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note or Deed of Trust, resulting in imperfect security interests and claims; therefore, none of the Defendants have perfected any colorable claim of title or security interest in the Real Property. Defendants, and each of them, cannot establish that the Deed of Trust purportedly securing the Tangle Note, were legally or properly acquired in accordance to all applicable law. Plaintiffs therefore allege, upon information and belief, that none of the parties to transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Real Property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

28. Plaintiffs allege that an actual controversy has arisen and now exists between the Plaintiffs

8

and Defendants, and each of them. Plaintiffs desire a judicial determination and declaration of its rights about the Real Property and the corresponding Tangible Note and Deed of Trust.

29. Plaintiffs also seek redress from Defendants identified herein for damages, for other injunctive relief, and for cancellation of written instruments based upon:

   a. An invalid and unperfected security interest in Plaintiffs' Real Property hereinafter described;
   b. Void "True Sales;"
   c. An incomplete and ineffectual perfection of a security interest in Plaintiff's Real Property.

## STATEMENT OF PERTINENT FACTS

30. Plaintiffs had a Forensic Chain of Title Securitization Analysis completed by qualified expert in to verify the claims of this complaint. (Exhibit 9) Affidavit of Michael Carrigan.

31. Plaintiffs are the Superior Recorded owners of the Prime Market Property.  (Exhibit 1) Grant Deed.

32. Plaintiffs issued a Promissory Note to facilitate a loan in the amount of $209,600.00 to H&R Block Mortgage Corporation.

33. Plaintiffs pledged a Constructive Deed of Trust granting Legal Title to Accommodate H&R Block Mortgage Corporation to file against Plaintiffs' Superior Claim to Title filed in the Official Records of the Carson City Recorder's Office on April 26, 2006 as ins# 352866. (Exhibit 2) Deed of Trust.

34. The purported Mortgage loan contracts between the parties are specific as to the duties of each party.

9

35. On November 5, 2010, a Notice of Default was filed with the Carson City Recorder's Office as ins# 406099.

36. On November 9, 2010, MERS recorded Corporation Assignment of Deed of Trust in the Carson City Recorder's Office as ins# 406167.

37. The November 9, 2010 Assignment occurred approximately four years after the Closing Date of the Trust in violation of the terms of the Trust and is therefore, void.

38. On June 20, 2012, a Rescission of Lis pendens/Notice of Default/Notice of Sale was filed with the Carson City Recorder's office as ins# 423407.

39. On May 15, 2015, a Notice of Default was filed with the Carson City Recorder's Office as ins# 452984.

40. On March 17, 2016, a Notice of Sale was filed with the Carson City Recorder's Office as ins# 462782.

41. On April 12, 2016, a Lis pendens was filed with the Carson City Recorder's Office as ins# 463522.

42. There are no recorded Substitution of Trustee as mandated by NRS 107.028(4).

43. Plaintiffs allege that only the Depositor, CWALT, Inc., is the rightful party that can convey the asset into the trust pursuant to investor offering documents as filed with the Securities and Exchange Commission.

## PROPERTY

44. The Real Property description which is the subject of this suit is commonly known as 2202 Idaho Street, Carson City, NV 89701.

///

///

10

## FIRST CAUSE OF ACTION:
## LACK OF STANDING/WRONGFUL FORECLOSURE

A.    **No Defendant Has Standing to Foreclose**

45. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

46. An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove, regarding their respective rights and duties. Plaintiffs contend that Defendants, and each of them, do not have an equitable right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust. Thus, the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, no longer applies.

47. Plaintiffs request this Court find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law, because Defendants' actions in the processing, handling and attempted foreclosure of the Real Property involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which directly caused Plaintiffs to be at an equitable disadvantage to Defendants, and each of them. Plaintiffs further request that title to the Real Property remain in Plaintiffs' name during the pendency of this litigation, and deem that any attempted sale of the Real Property is "unlawful and void".

///

///

11

**B.**     **Defendant MERS Cannot be a Real Party in Interest in a Securitized Mortgage**

48. Since the creation of Defendant's Deed of Trust, Defendant MERS was named the "nominee beneficiary" of the Deed of Trust.

49. Plaintiffs are informed and believe, and thereon allege that Defendant MERS lacks the authority under its corporate charter to foreclose a Deed of Trust, or to own or transfer an interest in a Tangible Note debt obligation because MERS charter limits MERS' powers and duties to functioning as an electronic registration system of Payment Intangible Chattel Paper Transferable Records as the underlying collateral to the Tangible Note for Accommodation Bill of Exchange.

50. Plaintiffs are informed and believe, and thereon allege that to conduct a foreclosure action, a person or entity must have legal capacity as interested party and standing.

51. The Tangible Note in this action identifies the entity to whom it accommodated, the Originator. Therefore, the Tangible Note herein cannot be transferred **in an ordinary course of business**; the attachments to the notice of default do not establish that indorsements were made, nor are there any other notices which establish that Tangible Note negotiation was executed in an ordinary course of business, nor are there any other notices which establish that the Originator sold the Tangible Note to another party for full value.

52. Defendant's purported transfer off enforcement contract rights over the underlying Deed of Trust base their claim that the Tangible Note and underlying Security was negotiated by operation of law in an ordinary course of business to Defendant The Bank of New York Mellon, the Trustee of Trust herein, by the Originator, it is well established State law that the assignment of a Deed of Trust does not automatically assign the Tangible

Note nor the underlying Payment Intangible Transferrable Record as the security interest is incident of the Tangible Note debt obligation.

53. Pursuant to State law, one must be able to prove their capacity of holder of the Tangible Note as one with rights acquired in an ordinary course of business to perfect the transfer of enforcement contract rights to the Deed of Trust instrument as collateral for a Tangible Note debt obligation. Without proper negotiation and physical transfer, the "true sale" of the Tangible Note is invalid as a fraudulent conveyance, or as an unsecured Tangible Note stripped fo the Real Property collateral.

54. Defendants MERS failed to submit documents authorizing MERS, as nominee beneficiary for the Originator, to assign the subject Deed of Trust to the Special Purpose Vehicle trustee. Hence, MERS lacked authority as mere nominee beneficiary to assign Plaintiffs' Deed of Trust, making any assignment from MERS defective.

55. Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void under law. Therefore, Defendant MERS cannot establish that it is entitled to assert a claim in this case. For this reason, as well as the other reasons set forth herein below, MERS cannot transfer an interest in Real Property, and cannot recover anything from Plaintiffs. with unclean hands.

56. Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Plaintiffs' Real Property under the Deed of Trust on the Real Property via an *in-Rem* action supported by false or fraudulent documents. Said unlawful foreclosure action has caused and continues to cause Plaintiffs great and irreparable injury in that Real Property is unique.

57. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiffs. Plaintiffs will not have the beneficial use and enjoyment of the Home and will lose the Property.

58. Plaintiffs have no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate to prevent irreparable loss to Plaintiffs. Plaintiffs suffered and will continue to suffer unless Defendants' wrongful conduct is restrained and enjoined because Real Property is inherently unique and it will be impossible for Plaintiffs to determine the precise amount of damage it will suffer.

## SECOND CAUSE OF ACTION
## UNCONSIONABLE CONTRACT

### (Against Defendant H&R Block Mortgage Corporation - ALT 2006-21CB)

59. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

60. The actions of Defendants as set forth herein, resulted in Plaintiffs being forced, tricked, and mislead into parting with their property.

61. Generally, one must prove the following to bring a legally sufficient claim of Unconscionable Contract.

    a.   Undue Influence;
    b.   Duress;
    c.   Unequal Bargaining Power;
    d.   Unfair Surprise; and
    e.   Limited Warranty

62. Defendant H&R Block Mortgage Corporation presented in the origination of the purported loan that specific criteria such as FICO score and other industry standard

14

underwriting requirements must be met to qualify for a loan of money for the subject property from H&R Block Mortgage Corporation.

63. Defendant H&R Block Mortgage Corporation presented in the origination of the purported loan that a preliminary signature on the Mortgage loan contract was required to "lock in" an interest rate regarding the terms of the purported loan.

64. Defendant H&R Block Mortgage Corporation failed to clarify in the terms of the Mortgage loan contract that H&R Block Mortgage Corporation, the Originator on the contract, was in fact acting solely in the capacity as Accommodated Party account debtor beneficiary for a purported loan of money.  H&R Block Mortgage Corporation concealed they were financially benefitting by bargaining with a third party to acquire a service release premium via wire funds transfer to table fund the purported loan at the closing using a warehouse line of credit.

65. Defendant H&R Block Mortgage Corporation knew or should have known that through a consciousness of innocence Plaintiffs were at a special disadvantage when attempting to grant an alternate means of collection via the Security Instrument real property lien Mortgage to H&R Block Mortgage Corporation.

66. Defendant H&R Block Mortgage Corporation intended to exploit Plaintiffs' special disadvantage and deny Plaintiffs' superior rights to the subject property.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

### (Against Defendant H&R Block Mortgage Corporation/MERS)

67. Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein.

15

68. The terms of the mortgage contract are clear.

69. Pursuant to paragraph 23 – Release, Defendant H&R Block Mortgage Corporation and specifically MERS, their electronic agent, was obligated to satisfy, release and reconvey the beneficial security interest in Plaintiffs' pledged Deed of Trust upon payment of all sums associated with the release premium to H&R Block Mortgage Corporation for Accommodated Party services rendered.

70. Defendant H&R Block Mortgage Corporation was paid in full when it sold and relinquished its interest in Plaintiffs' real property to CWALT, Inc.

71. TruDefendant H&R Block Mortgage Corporation failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust.

## RACKOURTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

72. Plaintiffs re-allege and incorporate herein by reference all previous paragraphs as though fully set forth herein.

73. Generally, one must prove the following to bring a legally sufficient claim of Breach of Fiduciary Duty.

    a.  Breach of full disclosure;
    b.  Breach of good faith and fair dealing;
    c.  Misuse of superior or influential position;
    d.  Misuse of superior knowledge; and
    e.  Failure to act in another's best interest

74. Defendant H&R Block Mortgage Corporation failed to disclose to Plaintiffs that they were not the legitimate creditor but more accurately, were account debtor in the

16

accommodated table funded 26 U.S. Code § 1031 – Exchange of property held for productive use or investment to ALT 2006-21CB.

75. Defendant H&R Block Mortgage Corporation as beneficiary under the Mortgage having only an Accommodated personal property interest over the Real Property collateral failed to meet their fiduciary duty to satisfy, release and reconvey the Real Property Lien Deed of Trust and the beneficial security interest (personal property) therein after receiving payment for all sums represented as the service release premium

76. After April 20, 2006, and unknown to Plaintiffs, Defendant H&R Block Mortgage Corporation for payment rendered through a service release premium divested itself of their capacity under the Note but, did not comply with the covenants of the Deed of Trust specifically, Covenant 23 – Release.

77. H&R Block Mortgage Corporation's acting not in the best interest of the grantor of the Deed of Trust failed to adhere to their Fiduciary Duties. Defendant H&R Block Mortgage Corporation was to satisfy, release and reconvey the security instrument allowing Plaintiff to maintain clear and marketable title. Because of its failure to comply with the Mortgage, Defendants caused a cloud on Plaintiffs' superior claim to title. Thus, Plaintiffs were harmed.

## FIFTH CAUSE OF ACTION
## QUIET TITLE

78. Plaintiffs re-allege and incorporate herein by reference all previous paragraphs as though fully set forth herein.

79. All Defendants named herein claim an interest and estate in the property adverse to Plaintiffs in that Defendant asserts it is the owner of the note secured by the Deed of Trust

to the property the subject of this suit.

80. All Defendants named herein claims an interest and estate in the Real Property adverse to Plaintiffs in that Defendants' asserts to be the owner of Tangible Note secured by the Deed of Trust to the Real Property, the subject of this suit.

81. The claims of all Defendants are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property.

82. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiffs' title to the Real Property.

83. Plaintiffs, therefore allege upon information and belief, that none of the Defendants in this case hold a perfected and secured claim in the Real Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' Real Property.

84. Plaintiffs request the decree permanently enjoin Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiffs' title to the property; and

85. Plaintiffs request the court award Plaintiffs' costs of this action, and such other relief as the court may deem proper.

## SIXTH CAUSE OF ACTION
## SLANDER OF TITLE

86. Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein

18

87. Generally, one must prove the following to bring a legally sufficient claim of Slander of Title.

    a. There was a communication to a third party of;
    b. A false statement;
    c. Derogatory to another's title;
    d. With malice; and
    e. Causing special damages

88. There are no UCC 1 Financial Statements perfecting personal property interest in the Deed of Trust contract enforcement rights with the Secretary of State's Office where the Real Property resides, giving constructive notice to the world of the true capacity of the purported parties.

89. Such instruments remained unrecorded as "Secret Liens" within the collateral file and was never submitted for recordation to perfect Defendant's rights to the Note and pledged Deed of Trust lien and the right to enforce an alternate means of collection.

90. Defendants, by withholding such facts have potentially committed a grave error Slander of Title causing special damage.

91. The act of recording the purported November 9, 2010 Assignment of Deed of Trust into the Official Records of the Carson City Recorder's Office is a communication to a third party of false statement derogatory to Plaintiff's title made with malice causing special damages to the Plaintiff's claim of title.

## SEVENTH CAUSE OF ACTION
## TEMPORARY RESTRAINING ORDER AND FOR INJUNCTIVE RELIEF

92. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

93. Plaintiffs are the record title holder of the Property, and are now being threatened with irreparable injury by the conduct of Defendants.

94. Plaintiffs will continue to be in jeopardy of injury by the Defendants' wrongful conduct by the now threatened foreclosure sale, causing irreparable injury by denying them the right to maintain the status quo between the parties pending resolution of the present dispute.

95. Plaintiffs have no adequate remedy at law for both the factual and threatened injuries herein described.  Plaintiffs' real property residence and rights involved are non-fungible and utterly unique so that it will be impossible to accurately measure in monetary terms, the damage caused by Defendants' wrongful conduct.

96. Defendants' numerous violations of federal and state statute and inability to establish a claim of right to Plaintiffs' Note or Deed of Trust establishes Plaintiffs' claim as more probable than not and Plaintiffs will likely prevail at the time of trial.

97. Plaintiffs request that Defendants and its agents and employees be enjoined from prosecuting any continuance of a foreclosure sale pending trial.

## EIGHTH CAUSE OF ACTION
## DECLARATORY RELIEF

98. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

99. An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove regarding Plaintiffs' respective rights and duties in the subject note and security instrument.  Plaintiffs request a judicial determination of the rights,

obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

100.    Plaintiffs should be the equitable owner of the Subject Property.

101.    Plaintiffs seek to quiet title as of the date of the filing of this Complaint. Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights.

## NINTH CAUSE OF ACTION
## CIVIL CONSPIRACY

102.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

103.    To state an actionable claim for civil conspiracy to defraud, a Plaintiffs must allege: (1) a conspiracy agreement formed by the defendants to unlawfully harm the plaintiff, (2) an act of fraud in furtherance thereof, and (3) resulting damages to the plaintiff.

104.    A conspiracy may be "inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances.

105.    The DEFENDANTS, and each of them, agreed, through a series of agreements and sub-agreements (all of which together constitute in toto the "THE CONSPIRACY") that it would be in each of their economic interests to:

21

    a.  convolute the ownership, if any, in the Loan,

    b.  the right to foreclose, if any, upon the Home,

    c.  while collecting as much in insurance proceeds upon the Loan as possible,

    d.  thereafter selling whatever purported obligation, if any, is left on the Loan,

    e.  without regard to the divestiture of the security interest, if any.

106.   To that end, among other acts:

    a.  the judicial process is being abused through a fraudulent and or collusive or

        otherwise wrongful foreclosure on the Home,

107.   By their actions, DEFENDANTS, and each of them, have harmed PLAINTIFFS, and each of them, in amounts to be proven at time of trial, which sums are in excess of the jurisdictional amount of this Court, and which includes compensatory damages, punitive damages, and attorneys' fees.

## TENTH CAUSE OF ACTION
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT

108.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

109.   Title 18 United States Code Sections 1961 to 1968 make it unlawful for a person to manipulate an enterprise to defraud another.

110.   The DEFENDANTS, and each of them, have profited from a scheme or enterprise whereby the DEFENDANTS:

    a.  Utilized such scheme and/or enterprise to defraud PLAINTIFFS, by use of,

    b.  interstate mail, and/or

    c.  interstate wire,

d.   in furtherance of their conspiracy to defraud PLAINTIFFS of property, and other

damages,

e.   by utilizing an enterprise, the CONSPIRACY,

f.   to wrongfully deprive the PLAINTIFFS and each of them,

1.   Of the Property.

111.   By their actions, DEFENDANTS, and each of them, have harmed PLAINTIFFS,

and each of them, in amounts to be proven at time of trial, which sums are in excess of

the jurisdictional amount of this Court, and which includes compensatory damages,

punitive damages, and attorneys' fees.

## ELEVENTH CAUSE OF ACTION
## RACKETEERING ACTIVITY (NEVADA RICO)

112.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

113.   NRS 207.400 prohibits "Racketeering activity" as defined by NRS 207.380, and,

makes it unlawful for a person to manipulate an enterprise in such a way that the use of

the enterprise, such as is the case here, have used the CONSPIRACY, to deprive another

of property through Racketeering Activity.

114.   the RICO DEFENDANTS, and each of them, have profited through Racketeering

Activity through an enterprise whereby the RICO DEFENDANTS:

a.   Utilized such scheme and/or enterprise to defraud PLAINTIFFS, by use of,

b.   interstate mail, and/or

c.   interstate wire,

d.  in furtherance of their conspiracy to defraud PLAINTIFFS of property, and other damages,

e.  by utilizing an enterprise, the CONSPIRACY,

f.  to wrongfully deprive the PLAINTIFFS and each of them,

1.  of the Property.

115.  By their actions, DEFENDANTS, and each of them, have harmed PLAINTIFFS, and each of them, in amounts to be proven at time of trial, which sums are in excess of the jurisdictional amount of this Court, and which includes compensatory damages, punitive damages, and attorneys' fees.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment:

1.  Declaring that Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties;

2.  Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiffs and against Defendants and all claiming by, through or under them;

3.  A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right;

4.  Pre- and post-judgment interest at the maximum rate allowed by law;

24

5.      Attorney's fees;

6.      Monetary relief over $100,000 but not more than $2,000,000,00; and

7.      Such other and further relief at law and/or in equity to which Plaintiffs may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.


DATED 26th day of September 2017.          Respectfully Submitted

                                          KOZAK & ASSOCIATES, LLC.


                                          CHARLES R. KOZAK, ESQ.
                                          *Attorney for Plaintiffs*

**EXHIBITS**

| Exhibit No. | Document | No. Pages |
|---|---|---|
| 1 | Grant Deed | 5 |
| 2 | Deed of Trust | 17 |
| 3 | OCC Asset Securitization Manual | 93 |
| 4 | Real Estate and the Tax Reform Act of 1986 | 9 |
| 5 | MERS Procedural Manual | 218 |
| 6 | MERS Patent | 18 |
| 7 | PSA, Section 2.01 | 4 |
| 8 | REMIC 424B5 Prospectus Supplement | 12 |
| 9 | Certified Forensic Audit by Michael Carrigan | 61 |