UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MAX T. CARTER, JR., and SUNDAE L. CARTER, Husband and Wife, as Joint Tenants,<br><br>Plaintiffs,<br><br>v.<br><br>SABLES, LLC, A Nevada Limited Liability Company; H&R BLOCK MORTGAGE CORPORATION; COUNTRYWIDE HOME LOANS, INC.; CWALT, INC.; THE BANK OF NEW YORK MELLON AS TRUSTEE FOR SECURITIZED TRUST ALTERNATIVE LOAN TRUST 2006-21CB TRUST; COUNTRYWIDE HOME LOAN SERVICING, LP; BANK OF AMERICA, N.A.; and DOES 1 THROUGH 100 INCLUSIVE, *et al.*,<br><br>Defendants. | Case No. 3:17-cv-00594-MMD-WGC<br><br>ORDER |

**I.      SUMMARY**

Pending before the Court are Defendants Bank of America, N.A., Countrywide Home Loans, Inc., CWALT, Inc., The Bank of New York Mellon as Trustee for Securitized Trust Alternative Loan Trust 2006-21CB Trust, Countrywide Home Loan Servicing LP, and Sable LLC's Motion to Dismiss Plaintiff's Complaint ("MTD") (ECF No. 9)[1] and Plaintiffs' Motion for Temporary Restraining Order ("TRO Motion") (ECF No. 3).[2]

---

[1] ADA Services Corporation, formerly known as H&R Block Mortgage Corporation, joined the MTD. (ECF No. 16.) The other parties did not oppose the joinder. (ECF No. 17.)

[2] Neither Plaintiffs nor Defendants filed responses to the two motions.

For the reasons discussed below, Defendants' MTD is granted and Plaintiffs' TRO Motion is denied as moot.

## II.  BACKGROUND

Plaintiffs Max and Sundae Carter commenced this action on September 26, 2017, against a variety of Defendants including Sables, LLC ("Sables"), H&R Block Mortgage Corp. ("H&R Block"), Countrywide Home Loans, Inc. and Countrywide Home Loan Servicing, LP ("Countrywide"),[3] the Bank of New York Mellon ("BNYM"), Cwalt, Inc. ("Cwalt"), and Bank of America, N.A. ("BANA"). (ECF No. 1.)

Plaintiffs took out a mortgage loan with H&R Block in 2006 in the amount of $209,600 to purchase real property located at 2202 Idaho Street, Carson City, Nevada ("the Property"). (*See* ECF No. 1 at ¶¶ 8, 32-33, 44.) The mortgage loan was secured by a deed of trust ("DOT") on the Property. (*Id.* at ¶ 33.) The first notice of default was filed with the Carson City Recorder's Office on November 5, 2010, and a second notice was filed on May 15, 2015. (*Id.* at ¶¶ 35, 39.)

Plaintiffs are challenging the securitization of their mortgage loan and the various assignments of the promissory note ("the Note") and DOT. (*See id.* at ¶¶ 20, 22-27.) Plaintiffs bring eleven claims for relief: (1) Defendants' lack of standing and wrongful foreclosure;[4] (2) unconscionable contract against Defendant H&R Block; (3) breach of contract against H&R Block/MERS[5]; (4) breach of fiduciary duty against H&R Block; (5) quiet title against all Defendants; (6) slander of title against all Defendants; (7) civil conspiracy against all Defendants; (8) violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") against all Defendants; (9) violation of the Nevada

///

---

[3]Defendants note in the MTD that "Countrywide Home Loan Servicing, LP was previously changed to BAC Home Loan Servicing and merged de jure to Bank of America, N.A [sic] as of July 1, 2011." (ECF No. 9 at 1.)

[4]This claim also includes allegations against Mortgage Electronic Registration Systems, Inc. ("MERS"). (ECF No. 1 at 12-14.) However, MERS is not a named defendant in this action.

[5]Again, MERS is not a named defendant in this action.

RICO statute; (10) temporary restraining order and injunctive relief;[6] and (11) declaratory relief.[7] (ECF No. 1 at 11-24.)

## III. MOTION TO DISMISS

### A. Legal Standard

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

---

[6]A temporary restraining order and injunctive relief are not independent claims for relief; rather, they are remedies that may be granted when an underlying legal claim has merit.

[7]Similarly, declaratory relief is a remedy and not a legal claim. *See supra* n.6.

3

alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

A motion to dismiss "grounded in fraud under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (internal quotation marks omitted). "Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." *Id.*

**B.  Discussion**

Defendants argue, *inter alia*, that the complaint fails to comply with Federal Rules of Civil Procedure 8 and 12(b)(6) and that Plaintiffs' claims are time-barred. (ECF No. 9 at 5-13.) The Court agrees with Defendants that the complaint fails to state a plausible claim for relief under Rule 12(b)(6). Plaintiffs' complaint is based on legal theories that have been resoundingly rejected by the Nevada Supreme Court, other courts in this district, and the Ninth Circuit Court of Appeals. Specifically, the bases for Plaintiffs' claims stem from the contention that their mortgage was improperly securitized and/or assigned, and that splitting the Note and DOT invalidated any Defendant's authority to foreclose upon the Property. Therefore, the Court finds that dismissal with prejudice is warranted as to all of Plaintiffs' claims, as amendment would be futile.

### 1. Lack of Standing to Foreclose/Statutorily Defective Foreclosure[8]

Plaintiffs bring their first claim against all Defendants, alleging that Defendants do not have standing to foreclose upon the Property as "each of them[] have failed to perfect any security interest in the [ ] Property." (ECF No. 1 at ¶ 46.) The Court construes this as an attempt to advance a theory of improper securitization and/or assignment in order to attack particular Defendants' standing to foreclose upon the Property. Plaintiffs also allege that "MERS lacked authority . . . to assign Plaintiffs' Deed of Trust, making any assignment from MERS defective." (*Id.* at ¶ 54.)

Neither theories have any merit. To begin, "[t]he securitization argument has been repeatedly rejected by this district because it does not alter or change the legal beneficiary's standing to enforce the deed of trust." *Beebe v. Fed. Nat. Mortg. Ass'n*, No. 2:13-cv-311-JCM-GWF, 2013 WL 3109787, at *2 (D. Nev. June 18, 2013). In addition, a homeowner lacks standing to challenge the validity of a loan assignment. *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014). Finally, the Ninth Circuit has resoundingly rejected the argument "that all transfers of the interests in the home loans within the MERS system are invalid because the designation of MERS as a beneficiary is a sham and the system splits the deed from the note,[9] and, thus, no party is in a

---

[8]The tort of wrongful foreclosure may be brought only where the power of sale is exercised or a foreclosure actually occurs, *see Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983), and the complaint does not allege that a foreclosure has, in fact, transpired.

[9]Nevada law permits deeds of trust and promissory notes to be severed from one another and independently transferred without impairing the ultimate right to foreclose. *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 258-60 (Nev. 2012). In order to foreclose upon a deed of trust, the party seeking foreclosure must demonstrate at the time of foreclosure that it is both "the current beneficiary of the deed of trust and the current holder of the promissory note," *id.* at 255, or that it is the named beneficiary of the deed of trust acting as agent for the note holder, *see In re Montierth v. Deutsche Bank*, 354 P.3d 648, 651 (Nev. 2015). Moreover, the venue to challenge a failure of the foreclosing entity to join the note and deed of trust at the time of foreclosure or to demonstrate it is in an agency relationship with the holder of the note is generally through Nevada's foreclosure mediation program. *See, e.g., Bergenfield v. Bank of America*, 302 P.3d 1141 (Nev. 2013). Defendants' MTD also notes that Plaintiffs failed to timely file an appeal of the final decision in the Nevada foreclosure mediation program and are therefore estopped from challenging the legal basis for the foreclosure. (ECF No. 9 at 5-6.)

position to foreclose." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). "Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiffs defaulted on their loan[]." *Id.*

Plaintiffs' first claim is therefore dismissed with prejudice as to all Defendants.

### 2. **Unconscionable Contract**

Plaintiffs' second claim for relief appears to be a claim of "unconscionable contract" against H&R Block. (*See* ECF No. 1 at 14-15.) The Court finds that Plaintiff fails to state a claim for relief and that amendment would be futile as this claim is time barred.

"A contract is unconscionable only when the clauses of that contract and the circumstances existing at the time of the execution of the contract are so one-sided as to oppress or unfairly surprise an innocent party." *Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*, 514 P.2d 654, 657 (Nev. 1973). Under Nevada law, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or a contractual clause. *See D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 (Nev. 2004). While substantive unconscionability focuses on the one-sidedness of the contract's terms, procedural unconscionability involves the use of fine print or complicated, incomplete, or misleading language that fails to inform a reasonable person of the contractual language's consequences. *Id.* at 1162-63. The time in which to bring a claim for unconscionability of contract is six years. NRS § 11.190(1)(b).

Plaintiffs make several statements regarding the actions of H&R Block. First, they state that "H&R Block . . . presented in the origination of the purported loan that specific criteria such as FICO score and other industry standard underwriting requirements must be met to qualify for a loan of money for the subject property from H&R Block." (ECF No. 1 at ¶ 62.) Second, they state that H&R Block "presented in the origination of the purported loan that a preliminary signature on the Mortgage loan contract was required

to 'lock in' an interest rate regarding the terms of the purported loan." (*Id.* at ¶ 63.) Third, they state that H&R Block "failed to clarify in the terms of the Mortgage loan contract that [H&R Block], the Originator on the contract, was in fact acting solely in the capacity as an Accommodated Party account debtor beneficiary for a purported loan of money" and "concealed they were financially benefitting by bargaining with a third party to acquire a service release premium via wire funds transfer to table fund the purported loan at the closing using a warehouse line of credit." (*Id.* at ¶ 64.) The Court is unable to decipher the meaning of Plaintiffs' third statement, but from the first two statements the Court gathers that Plaintiffs are attempting to allege that the terms of their original contract with H&R Block in 2006 did not adequately inform them of the contractual language's consequences. However, the complaint itself fails to make this clear, as Plaintiffs fail to point to specific provisions in the original contract with H&R Block nor do they state that their subsequent interest rates surprised them or that H&R Block induced them to enter into a mortgage they could not actually afford based upon their FICO scores or a failure of H&R Block to follow proper underwriting standards. Therefore, Plaintiffs fail to allege sufficient facts to establish a claim for unconscionable contract against H&R Block.

Moreover, the first notice of default was entered in 2010, ostensibly putting Plaintiffs on inquiry notice of any unconscionability of their original contract's terms. Based on these facts, the claim is time-barred; thus, amendment is futile.

This claim is therefore dismissed with prejudice.

### 3. Breach of Contract

In Plaintiffs' third claim, they allege that Defendant H&R Block and MERS failed to properly "satisfy, release and reconvey the beneficiary security interest in Plaintiff's [DOT]" in violation of Paragraph 23 of the "mortgage contract." (ECF No. 1 at ¶¶ 68-69; *see also* ECF No. 9-1 at 14.[10]) However, a deed of trust is not a contract between a

---

[10]Attached to Defendants' MTD is a copy of the DOT. Because Plaintiffs did not object to the authenticity of this document, the Court takes judicial notice of it. *See Lee v* *(fn. cont…)*

7

borrower and lender; rather, it is a document conveying an interest in real property as security for performance of an obligation under a contract. *See* RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 1.1 (AM. LAW INST. 1997); *see also* § 1.2 cmt. a ("A [deed of trust] is a conveyance" and "is merely security" that does not require consideration). Therefore, this claim is dismissed with prejudice.

### 4. Breach of Fiduciary Duty

In Plaintiffs' fourth claim for breach of fiduciary duty, they contend that H&R Block failed to "meet their fiduciary duty to satisfy, release and reconvey the Real Property Lien Deed of Trust" and did not act in the "best interest of the grantor of the deed of trust." (ECF No. 1 at ¶¶ 75-77.) To the extent this claim purports to state that H&R Block owed a fiduciary duty to Plaintiffs to "satisfy, release and reconvey" the DOT and to do so in compliance with the covenants of Paragraph 23 of the DOT, this claim fails as a matter of law. Generally, in Nevada, a lender in an arm's length loan transaction does not have a fiduciary relationship with a borrower such that it has particular fiduciary duties to the borrower. *See Eruchalu v. U.S. Bank, Nat'l Ass'n,* No. 2:12-cv-01264-MMD-VCF, 2013 WL 6667702, at *9 (D. Nev. Dec. 17, 2013).

Therefore, this claim is dismissed with prejudice.

### 5. Quiet Title and Slander of Title

Plaintiffs' fifth and sixth claims for relief both allege that Defendants have no legal right or perfected security interest in the Property and that there are unrecorded "secret liens" never submitted for "recordation." (ECF No. 1 at 17-19.) Because both of these claims are predicated on Plaintiffs' theory that Defendants do not have standing to foreclose upon the Property because of improper assignment and/or securitization of their mortgage loan, the Court has already found that Plaintiffs do not have standing to make these claims.

---

*(…fn. cont.)*
*City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss a court may properly look beyond the complaint to matters of public record without converting a Rule 12(b)(6) motion into one for summary judgment).

The Court therefore dismisses these claims with prejudice.

### 6. Civil Conspiracy, Federal & Nevada RICO

In Plaintiffs' claim for civil conspiracy, they contend that Defendants had a series of agreements to "convolute the ownership, if any, in the Loan" "while collecting as much insurance proceeds upon the Loan as possible" such that "the judicial process is being abused through a fraudulent . . . or otherwise wrongful foreclosure on the Home." (ECF No. 1 at ¶ 105.) By contrast, in Plaintiffs' tenth and eleventh claims brought under the federal and state RICO, they merely state the legal elements of a claim for relief under the federal and state RICO statutes. (ECF No. 1 at 22-24.) Defendants note that these claims must meet the heightened pleading requirements of Rule 9(b) and that Plaintiffs have failed to meet this standard. (ECF No. 9 at 12-13.) The Court agrees. Moreover, because the basis for these claims relate to improper securitization and assignment of Plaintiffs' mortgage loan, these claims fail as a matter of law and are dismissed with prejudice.

### 7. Remaining Claims

Plaintiffs' two remaining claims are for injunctive and declaratory relief. (ECF No. 1 at 19-21.) Because the claims upon which injunctive and declaratory relief are predicated have been dismissed with prejudice, the Court also dismisses these claims with prejudice.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 9) is granted, and Plaintiffs' complaint is dismissed with prejudice.

It is further ordered that Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) is denied as moot.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 11th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE